IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONNIE J. TUESNO                                                PLAINTIFF

VS.                                    CIVIL ACTION NO. 5:08-cv-302(DCB)(JMR)

SHERIFF REGINALD JACKSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; THE
WILKINSON COUNTY SHERIFF'S DEPARTMENT
AND COUNTY JAIL; OFFICER JESSE PERRY,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY; AND THE WILKINSON COUNTY
MISSISSIPPI BOARD OF SUPERVISORS,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY                                                       DEFENDANTS

ORDER

This cause is before the Court on defendant Wilkinson County Jail's motion to dismiss (**docket entry 4**); defendant Wilkinson County Sheriff's Department's motion to dismiss (**docket entry 5**); defendant Wilkinson County Board of Supervisors' motion to dismiss (**docket entry 6**); defendant Jesse Perry's motion to dismiss (**docket entry 13**); and defendant Reginald Jackson's motion to dismiss (**docket entry 14**). Having carefully considered the motions as well as the pleadings and the record in this case, the Court finds as follows:

On October 14, 2008, the plaintiff, Ronnie J. Tuesno ("Tuesno") filed his Complaint, alleging "reckless disregard" and "deliberate indifference" on the part of the defendants regarding his May 26, 2007, arrest, during which he was allegedly assaulted

by Wilkinson County Sheriff's Deputy Jesse Perry, and his subsequent detention in the Wilkinson County Jail, during which he claims treatment for his serious medical needs was denied and/or delayed by the defendants. The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 and Mississippi state law.

On December 22, 2008, defendants Wilkinson County Jail, Wilkinson County Sheriff's Department, and Wilkinson County Board of Supervisors moved for dismissal. The plaintiff has failed to respond to the motions. On February 4, 2009, defendants Jesse Perry and Reginald Jackson moved for dismissal. The plaintiff has also failed to respond to these motions.

Defendants Wilkinson County Jail, Wilkinson County Sheriff's Department, and Wilkinson County Board of Supervisors are not political subdivisions or legal entities in and of themselves, but rather are merely departments of Wilkinson County, Mississippi. See Bradley v. City of Jackson, 2008 WL 2381517 *2 (S.D. Miss. June 5, 2008). Therefore the jail, sheriff's department and board of supervisors cannot be proper parties and must be dismissed with prejudice.

Tuesno's claims against Sheriff Reginald Jackson and Deputy Jesse Perry in their official capacities are construed as claims against Wilkinson County. See Brooks v. George County, Mississippi, 77 F.3d 834, 841 (5th Cir. 1996). In their motions to dismiss, defendants Jackson and Perry seek to be dismissed in their

individual capacities, based on qualified immunity. The Court will defer judgment on whether Jackson and Perry are entitled to qualified immunity pending a Rule 7(a) reply from the plaintiff. See Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999). These defendants' motions to dismiss are therefore moot. Accordingly,

IT IS HEREBY ORDERED that defendant Wilkinson County Jail's motion to dismiss (docket entry 4); defendant Wilkinson County Sheriff's Department's motion to dismiss (docket entry 5); and defendant Wilkinson County Board of Supervisors' motion to dismiss (docket entry 6) are GRANTED, and said defendants are dismissed from this action with prejudice.

FURTHER ORDERED that the plaintiff file a Rule 7(a) reply within twenty (20) days from the date of entry of this Order, making specific allegations directed to the individual defendants' qualified immunity contentions. Defendant Jesse Perry's motion to dismiss (docket entry 13); and defendant Reginald Jackson's motion to dismiss (docket entry 14) are MOOT.

SO ORDERED, this the 30th day of April, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE