```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

RONNIE J. TUESNO                                              PLAINTIFF

VS.                           CIVIL ACTION NO. 5:08-cv-302(DCB)(JMR)

SHERIFF REGINALD JACKSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; OFFICER
JESSE PERRY, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY; WILKINSON COUNTY;
DEPUTY JOHNNY CLARK; OFFICER LASHONDA
GRAYSON; OFFICER BENNIE COOPER;
DEPUTY RANDY STOVALL; DEPUTY JERRY CAIN                     DEFENDANTS


                    MEMORANDUM OPINION AND ORDER

    This cause is before the Court on defendant Sheriff Reginald Jackson's motion to dismiss **(docket entry 14)**, motion for reconsideration **(docket entry 37)**, and motion and amended motion to strike and/or dismiss plaintiff's first supplemental and amended complaint **(docket entries 39, 41 and 42)**; defendant Jesse Perry's motion to dismiss **(docket entry 13)** and motion for reconsideration **(docket entry 37)**; defendant Johnny Clark's motion to dismiss or for summary judgment **(docket entries 64 and 68)**; defendant Randy Stovall's motion to dismiss or for summary judgment **(docket entries 66 and 70)**; defendant Bennie Cooper's motion to dismiss or for summary judgment **(docket entry 72)**; defendant Jerry Crain's motion to dismiss or for summary judgment **(docket entry 74)**; and defendant Lashonda Grayson's motion to dismiss or for summary judgment **(docket entry 77)**.  Having carefully considered the motions and responses, the memoranda and the applicable law, and being fully

advised in the premises, the Court finds as follows:

The Court previously dismissed from this action defendants Wilkinson County Jail, Wilkinson County Sheriff's Department, and Wilkinson County Board of Supervisors. The Court deferred ruling on defendants Jackson and Perry's motions to dismiss on the basis of qualified immunity pending a Rule 7(a) reply from the plaintiff. The plaintiff has now filed a Rule 7(a) reply and an amended complaint. Defendants Jackson and Perry move for reconsideration of the order allowing the plaintiff to file the amended complaint, and move to strike and/or dismiss the amended complaint on the basis that it contains only broad legal conclusions that are not supported by any facts. The Court will neither vacate its order allowing the amended complaint nor strike the amended complaint, but will consider the motion to dismiss when addressing the parties' remaining motions to dismiss and/or for summary judgment.

The Court granted an extended period of discovery, and subsequently the parties have completed additional briefing. Because matters outside the pleadings have been submitted and are being considered by the Court, the motions to dismiss are treated as motions for summary judgment. Fed.R.Civ.P. 12(b); <u>Stewart v. Murphy</u>, 174 F.3d 530 (5th Cir. 1999).

The plaintiff, Ronnie J. Tuesno ("Tuesno") claims "deliberate indifference to a serious medical condition" in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. He also

alleges that the defendants violated Miss. Code Ann. Sec. 47-1-27 which provides for medical aid to prisoners.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The pleadings and all summary judgment evidence are viewed in the light most favorable to the plaintiff. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). The nonmovant (in this case the plaintiff) must "make a sufficient showing of an essential element of the case to which [he] has the burden of proof." Id. He "must set forth specific facts to establish that there is a genuine issue for trial, but where the evidential submissions lack probative value as to a genuine issue, summary judgment is appropriate." Id.

The plaintiff's § 1983 claim alleges a violation of his rights under the Fourteenth Amendment to the United States Constitution. Since Tuesno was a pretrial detainee, not a convicted prisoner, the Fourteenth Amendment, not the Eighth Amendment, is the source of his due process rights to appropriate medical care. See Bell v. Wolfish, 441 U.S. 520 (1979); Clark v. McMillin, 932 F.Supp. 789, 790 (S.D. Miss. 1996). Tuesno's claim against the individual defendants is governed by Hare v. City of Corinth, 74 F.3d 633 (5th

Cir. 1996), which states that when a pretrial detainee's claim of failure to provide medical care "does not challenge a condition, practice, rule or restriction, but rather attacks the episodic acts or omissions of a state jail official, the question is whether that official breached his constitutional duty to tend to the basic human needs of persons in his charge."  Id. at 645.  "[T]he episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs."  Id. at 647-48.

The Supreme Court has defined the test for establishing deliberate indifference as "one of subjective recklessness as used in the criminal law," Farmer v. Brennan, 511 U.S. 825, 837 (1994), and has explained that a prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety."  Id. at 838.  The official must "be aware of facts from which the inference could be drawn that substantial risk of serious harm exists and he must also draw the inference."  Id.  The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

In this case, the plaintiff has failed to come forward with any summary judgment type evidence that any of the defendants were

deliberately indifferent to his serious medical needs. He alleges that when he was booked into the Wilkinson County jail on May 27, 2007, he was experiencing pain in his right shoulder, and that after he was released on June 18, 2007, he sought medical treatment and subsequently required surgery. He has not, however, submitted any evidence that would show that any of the defendants were aware of a serious medical need nor that they were deliberately indifferent to such need.

The uncontroverted evidence shows that defendants Perry and Clark were the arresting officers and defendant Cooper was the booking officer who booked Tuesno into the jail on May 27, 2007. Although the plaintiff alleges that he told defendants Perry and Clark that his arm was hurting at the time of his arrest, when he arrived at the jail he did not respond to any of the intake questions regarding his health, and defendant Cooper recorded that he observed nothing out of the ordinary. The only medical-related request the plaintiff made was for aspirin, which was provided to him by defendant Cooper. In his Complaint, Rule 7(a) Reply, and Amended Complaint, the plaintiff makes no further allegations against these defendants.

The jail records reflect that on another occasion, while Clark was filling in at the jail, Tuesno requested Aleve and Clark provided it to him. Defendant Lashonda Grayson also provided the plaintiff with Aleve on one occasion. There are no allegations

that the plaintiff requested to see a doctor or made any other request of Clark or Grayson. The record also reflects that at some point during the plaintiff's incarceration, defendants Clark and Grayson took the plaintiff, at his request, to be baptized at a local church. Defendant Jerry Cain also took the plaintiff to be baptized. It is undisputed that the plaintiff did not complain about his arm, nor did he request medical care during the time he was with these defendants. There are also no specific allegations against defendant Randy Stovall. Stovall's only contact with the plaintiff was to administer over-the-counter pain medication to him on two occasions. It is not alleged that the plaintiff discussed his condition with Stovall, or that he requested any further medical care. The uncontroverted evidence also shows that the jail staff announced sick call daily and that Tuesno did not make any request for medical care except occasional requests for aspirin or pain relievers.

As noted above, "[d]eliberate indifference is an extremely high standard to meet." <u>Domino</u>, 239 F.3d at 756. In order to establish "deliberate indifference" to a serious medical need, the plaintiff must show that (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm occur. <u>Thompson v. Upshur County</u>, 245 F.3d 447,

458-59 (5th Cir. 2001).

Mere negligence, or even gross negligence, in failing to supply medical treatment will not support an action for deliberate indifference. Hare, 74 F.3d at 645, 647; Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). Instead, it encompasses only unnecessary and wanton infliction of pain or an action that is repugnant to the conscience of mankind. Farmer, 511 U.S. 825, 839-40. Deliberate indifference is comparable to criminal recklessness. Id. at 837. "[T]he proper inquiry is whether the official had a culpable state of mind in acting or failing to act." Hare, 74 F.3d at 643. Thus, the correct legal standard "is not whether the jail officers 'knew or should have known,' but whether they had gained actual knowledge of [a] substantial risk ... and responded with deliberate indifference." Id. at 650 (citing Farmer, 511 U.S. 825). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." Domino, 239 F.3d at 756.

The defendants are not required to prove they did not violate the plaintiff's constitutional rights, but rather the plaintiff carries the burden to demonstrate that the defendants did. Salas v. Carpenter, 980 F.2d 299, 306 (5th Cir. 1992). Once the defendants have demonstrated that there is no genuine issue of material fact, and that they are entitled to judgment as a matter

7

of law, the plaintiff must respond with "adequate proof in the record showing a real controversy regarding material facts. 'Conclusory allegations,' unsubstantiated assertions, or the presence of a 'scintilla of evidence' is not enough to create a real controversy regarding material facts.  In the absence of proof, the court does not 'assume that the nonmoving party could or would prove the necessary facts.'" Shelton v. Stringer, 2007 WL 2258901, *2 (S.D. Miss. Aug. 3, 2007)(citations omitted).

   The plaintiff has failed to show any facts that would support a finding of unnecessary and wanton infliction of pain by the defendants that would be repugnant to the conscience of mankind. The defendants have met their burden by identifying those portions of the record which reveal there are no genuine issues of material fact.  The plaintiff has failed to meet his burden because he has not identified evidence in the record sufficient to establish that there is a genuine issue of material fact.  The Court therefore finds that the defendants' motions for summary judgment should be granted.

   As for Sheriff Jackson, the plaintiff alleges claims against him in his individual and official capacities.  It is undisputed that Sheriff Jackson did not have any contact with the plaintiff, and did not play any role in making any decisions about the plaintiff.  The plaintiff has therefore failed to meet his burden regarding defendant Jackson in his individual capacity. Thompkins

v. Belt, 828 F.2d 298, 304-05 (5th Cir. 1987).

Any claims against the Sheriff in his official capacity are construed as claims against Wilkinson County.  In order to succeed on his claim against the County, the plaintiff must be able to show that one of the County's employees violated his civil rights as a result of a County policy or custom.  Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91 (1978).  Inasmuch as the plaintiff has not identified any evidence in the record sufficient to establish that a constitutional right was violated, nor that the County had a policy or custom that resulted in any such violation, his claims against the County are without merit and shall be dismissed.[1]

Because the plaintiff has failed to establish a constitutional violation, the Court need not conduct a detailed qualified immunity analysis.  It is clear that the defendants are shielded by qualified immunity.  See Siegert v. Gilley, 500 U.S. 226, 231 (1991); Foster v. City of Lake Jackson, 28 F.3d 425, 428-29 (5th Cir. 1994).  Nor has the plaintiff presented any pendent state law claims that would survive the defendants' ability to invoke immunity under Mississippi law.  See Miss. Code Ann. § 11-46-9; Harvison v. Greene County Sheriff Dep't., 899 So.2d 922, 925 (Miss.App. 2005)("While the duties delineated in Mississippi Code

---

[1] It is uncertain whether the plaintiff has asserted claims against defendant Perry in his official capacity.  To the extent that he has, these claims are also dismissed for the same reason.

Annotated Sections 47-1-27, 19-25-35, and 47-1-57 still exist, they do not give rise to a tort action because the Mississippi Tort Claims Act specifically excludes claims arising under state law while a person is lawfully incarcerated in a penal facility. <u>See</u> Miss. Code Ann. Section 11-46-9(m)").

   Accordingly,

   IT IS HEREBY ORDERED that Sheriff Reginald Jackson's motion to dismiss **(docket entry 14)**, which the Court has treated as a motion for summary judgment motion on behalf of Sheriff Jackson, individually, and Wilkinson County, is GRANTED;

   FURTHER ORDERED that defendant Jesse Perry's motion to dismiss **(docket entry 13)**, which the Court has treated as a motion for summary judgment, is GRANTED;

   FURTHER ORDERED that defendant Johnny Clark's motion to dismiss or for summary judgment **(docket entries 64 and 68)** is GRANTED;

   FURTHER ORDERED that defendant Randy Stovall's motion to dismiss or for summary judgment **(docket entries 66 and 70)** is GRANTED;

   FURTHER ORDERED that defendant Bennie Cooper's motion to dismiss or for summary judgment **(docket entry 72)** is GRANTED;

   FURTHER ORDERED that defendant Jerry Crain's motion to dismiss or for summary judgment **(docket entry 74)** is GRANTED;

   FURTHER ORDERED that defendant Lashonda Grayson's motion to

dismiss or for summary judgment **(docket entry 77)** is GRANTED;

FURTHER ORDERED that defendants Sheriff Reginald Jackson's and Jesse Perry's motion for reconsideration **(docket entry 37)**, and defendant Jackson's motion and amended motion to strike and/or dismiss plaintiff's first supplemental and amended complaint **(docket entries 39, 41 and 42)** are MOOT.

A separate Final Judgment, in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing this cause with prejudice, is being entered by the Court of even date herewith.

SO ORDERED, this the 19th day of December, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE