IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONNIE J. TUESNO                                              PLAINTIFF

VS.                           CIVIL ACTION NO. 5:08-cv-302(DCB)(JMR)

SHERIFF REGINALD JACKSON, ET AL.                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff's Motion for Leave to Take An Out-of-Time Appeal on the Grounds of Excusable Neglect **(docket entry 100)**. Having carefully considered the motion, and the defendants' response, as well as the applicable law, and being fully advised in the premises, the Court finds as follows:

This Court entered a Final Judgment in favor of the defendants on December 20, 2011. Tuesno failed to file a notice of appeal within thirty days from the date of entry of the judgment, as required by Rule 4(a)(1) of the Federal Rules of Appellate Procedure. He now requests an extension of time to file his appeal pursuant to Fed.R.App.P. 4(a)(5).

Compliance with the thirty day requirement of Rule 4(a)(1) is "mandatory and jurisdictional," and a district court may extend the deadline only under limited circumstances. Bowles v. Russell, 551 U.S. 205, 209-10 (2007). In Bowles, the Supreme Court held:

> Today we make clear that the timely filing of a notice of appeal is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the "unique

circumstances" doctrine is illegitimate. Id., 551 U.S. at 214. Rule 4(a)(5)(A) permits a district court to extend the time to file a notice of appeal if a party shows "excusable neglect or good cause." Tuesno's motion asserts only excusable neglect as his grounds; however, the Court shall consider the motion in terms of both excusable neglect and good cause.

The Advisory Committee Notes for the 2002 Amendments to Rule 4 explain that "excusable neglect" and "good cause" are distinctly different standards:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Advisory Committee Notes to Fed.R.App.P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments.

The first requirement of a Rule 4(a)(5) motion for extension of time is that it be filed no later than 30 days after the time prescribed by Rule 4(a)(1)(A) expires. Fed.R.App.P. 4(a)(5)(A)(I). Rule 26 provides that when a time period is stated in days, the day of the event that triggers the period is excluded. Every following day, including intermediate Saturdays, Sundays, and legal holidays, is counted. The last day of the period is included unless it is a Saturday, Sunday, or legal holiday, in which case the period continues to run until the end of the last day that is not a

Saturday, Sunday, or legal holiday. Fed.R.App.P. 26(a)(1)(A)-(C).

In this case, the Final Judgment was entered on December 20, 2011, a Tuesday. The time for filing a notice of appeal in a civil case is "within 30 days after entry[1] of the judgment or order appealed from." Fed.R.App.P. 4(a)(1)(A)(emphasis added). Thus, the time for filing a notice of appeal expired at the end of the thirtieth day, January 19, 2012, a Thursday. The time for filing a motion for extension of time was an additional thirty days which ended February 18, 2012, a Saturday; therefore, the plaintiff's motion was due on or before Monday, February 20, 2012. Since the clerk of court received Tuesno's motion on February 6, 2012, the motion was timely filed, and it is not necessary to invoke the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988)(when movant is proceeding pro se and is a prisoner, a motion is considered filed at the time he delivers it to prison authorities for forwarding to the district court).

The second requirement of a Rule 4(a)(5) motion is that the movant show excusable neglect or good cause. Fed.R.App.P. 4(a)(5)(A)(ii). In Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465 (5th Cir. 1998), the Fifth Circuit adopted the "excusable

---

[1] "[S]ince the appeal time starts from the entry of the judgment and not from service of the notice, Rule 6(e) does not apply so as to enlarge the time allowed for filing the notice of appeal. Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir. 1975)(citing Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858, 860 (3rd Cir. 1970); Moore's Federal Practice ¶ 6.12 at 1500.209 (1974).

neglect" standard articulated by the Supreme Court in <u>Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380 (1993)(interpreting "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1)), and applied it to cases involving Fed.R.App.P. 4(a)(5). In <u>Pioneer</u>, the Supreme Court noted that "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or ... 'to leave undone or unattended to especially through carelessness.'" 507 U.S. at 388 (quoting Webster's Ninth New Collegiate Dictionary (1983)). The "excusable" requirement, in the Supreme Court's view, "will deter ... parties from freely ignoring ... deadlines in the hopes of winning a permissive reprieve." <u>Id</u>. at 395. <u>Pioneer</u>'s "excusable neglect" standard "is at bottom an equitable one, taking account of all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Id</u>.

In this case, the Final Judgment was entered on December 20, 2011. Notice was e-mailed that same day by the court clerk's office to Johnell M. Matthews, counsel for the plaintiff. On January 8, 2012, the plaintiff's counsel advised him via telephone conference that the Court had entered judgment against him, that

4

she would not be appealing the judgment on his behalf, and that he had thirty days from the date the judgment was entered to file an appeal should he wish to do so, either through counsel or on his own behalf. A letter summarizing the telephone conference, and enclosing a copy of the Court's Judgment, was mailed by counsel to the plaintiff the next day. Letter of January 9, 2012.

In his motion, Tuesno states that he is incarcerated and did not receive his personal copy of the Final Judgment until January 17, 2012. Motion, ¶ 5. He further alleges that his counsel failed to provide him with the necessary information so that he could file a timely appeal. Motion, ¶ 6.

Applying the Pioneer factors, the Court finds that the danger of prejudice and the length of the delay do not weigh against the plaintiff.[2] Nor does the Court find that the plaintiff acted in bad faith. However, the most important of the four Pioneer factors is the third, "the reason for the delay, including whether it was within the reasonable control of the movant." See Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)("The four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import");

---

[2] The Fifth Circuit has observed that the absence of prejudice alone is not grounds for finding "excusable" neglect. See Halicki, 151 F.3d at 469 n.4 ("The word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm.")(quoting Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996)).

5

Miller v. State of Minnesota, 2009 WL 3062012 *2 (D. Minn. Sept. 18, 2009)("the most critical factor will always be the 'reason-for-delay factor,' i.e., the nature, credibility and persuasiveness of the excuse proffered by the moving party.")(citing Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003)(quoting Lowry, 211 F.3d at 463)).

The movant must put forth a "compelling reason" for the delay in filing. Garden City Boxing Club, Inc. v. Peña, 2006 WL 6576890. *1 (S.D. Tex. Aug. 29, 2006); Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)("The party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable."). A garden variety claim of excusable neglect will not suffice. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Nor will a movant's pro se status excuse a late filing. Birl, 660 F.2d at 593 ("[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. The burden of establishing excusable neglect is upon the [movant], even one proceeding pro se .... Our circuit's rule is that the excusable neglect standard is a strict one ... requiring more than mere ignorance.").

In Pollak v. Homeside Lending, Inc., 223 Fed.Appx. 309 (5th Cir. 2007), the plaintiff's attorney informed him after judgment was entered that she would not represent him on appeal. Pollak

sought to obtain representation, but by the time he met with an attorney the time to appeal had expired. He filed a motion to extend time for filing notice of appeal four days after the deadline for filing a notice of appeal. The district court found that "the reason for the delay was within the reasonable control of Pollak." Pollak v. Homeside Lending, Inc., 2006 WL 2065264 *3 (S.D. Tex. July 24, 2006). The district court also found that Pollak did not know the exact filing deadline. He consulted with another attorney who told him that "time was of the essence," but still he did not find out the deadline for filing a notice of appeal. "Pollak was on notice that time was an important consideration in filing his appeal but nonetheless failed to ascertain the deadline." Id. The district court therefore found that Pollak was not entitled to additional time to file a notice of appeal. The Fifth Circuit agreed that

> the reason for the delay was within [Pollak's] control. He knew he needed to file an appeal within a specific time, but he did not seek to determine what that time frame was. This is merely a usual case of failing to file on account of "inadvert[e]nce, ignorance of the rules, or mistakes construing the rules." Pioneer, 507 U.S. at 392, 113 S.Ct. 1489. There is no abuse of discretion.

Pollak, 223 Fed.Appx. at 310.

In this case, Tuesno received all the information he needed to file a notice of appeal on January 8, 2012. He had until January 19, 2012, to file his notice of appeal, but failed to do so. Although he claims he needed additional information, he does not

7

specify what additional information he needed, nor does he show what attempts he made to find the additional information either from his former counsel or by making inquiry through other channels. In other words, Tuesno's failure to file a Notice of Appeal was due to his own neglect, neglect which the Court cannot find excusable.

Moreover, Tuesno received a copy of the Final Judgment on January 17, 2012. He could easily have prepared a Notice of Appeal and deposited it in the prison mailing system by January 19, 2012.[3] Rule 3 of the Federal Rules of Appellate Procedure provides three simple and clear requirements for the contents of a Notice of Appeal. It must:

> (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, ...
>
> (B) designate the judgment, order, or part thereof being appealed; and
>
> (C) name the court to which the appeal is taken.

Fed.R.App.P. 3(c)(1)(A)-(C). Furthermore, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed.R.App.P. 3(c)(4). The Rules also provide a form of a notice of appeal, Form 1 in the Appendix of

---

[3] As previously noted, the prison mailbox rule allows a pro se prisoner to file pleadings through the prison's internal mail system, and the pleading is considered filed at the time the prisoner delivers it to the prison authorities. Houston v. Lack, 487 U.S. at 276.

Forms.  Fed.R.App.P. 3(c)(5).

Filing a notice of appeal is an easy task.  The Rule 3(c) Notice of Appeal is "'perhaps the simplest instrument known to federal procedure,'" and Rule 3(c) is "'simple and explicit, and easily complied with.'"  Haney v. Mizell Mem. Hosp., 744 F.2d 1467, 1473 n.5 (11th Cir. 1984)(quoting 9 J. Moore & H. Bendix, Moore's Federal Practice, ¶ 203.09, 3-37 and 3-41 (2d ed. 1983)).  "[A]ssistance from legal services organizations or attorneys is not required to prepare a notice of appeal."  Alston v. Pafumi, 2012 WL 6093893 *3 (D. Conn. Dec. 7, 2012)(citing Avery v. Hendricks, 2006 WL 2627945 *3 (D. N.J. Sept. 13, 2006)(rejecting pro se litigant's claim that legal services were necessary to file a notice of appeal and noting that "a notice of appeal is of no great legal moment" and that a "simple letter stating an intent to appeal" would have been sufficient)).

Pro se litigants, especially in civil cases, are "'required to inform themselves regarding procedural rules and to comply with them.'"  Phillips v. Merchants Ins. Group, 173 F.3d 845, 1999 WL 278526 *1 (2nd Cir. May 4, 1999)(quoting Edwards v. INS, 59 F.3d 5, 8 (2nd Cir. 1995) and citing McNeil v. United States, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")).  The fact that Tuesno was unrepresented does not constitute excusable neglect.

9

The plaintiff presents no credible evidence explaining why he did not file a timely notice of appeal. He does not allege that he was unable to prepare a simple one-page form and file it by depositing it in the prison's internal mail system on or before January 19, 2012. The fault was entirely his, and he has not shown excusable neglect.

The good cause standard, on the other hand, is applicable "in situations in which there is no fault - excusable or otherwise." In those situations, an extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where "the Postal Service fails to deliver a notice of appeal." Advisory Committee Notes to Fed.R.App.P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments. In this case, the Notice of Appeal was promptly delivered to Tuesno's counsel, who relayed the information to him on January 8, 2012. The only mail delay alleged by the plaintiff is that the prison did not forward his counsel's letter to him until January 17, 2012. This does not constitute good cause for two reasons. First, Tuesno already had sufficient information to file a notice of appeal without the letter. Second, even if he did not already have sufficient information, the letter was delivered to him in plenty of time for him to file a notice of appeal. Thus, the plaintiff has not shown good cause.

The plaintiff's motion for an out of time appeal shall therefore be denied.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff Ronnie J. Tuesno's Motion for Leave to Take An Out-of-Time Appeal on the Grounds of Excusable Neglect **(docket entry 100)** is DENIED.

SO ORDERED, this the 25th day of February, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE